Good morning to you both. Ms. Connell, are you going to be, Mr. Fishman, are you going to be reserving time for rebuttal? Yes. Alright, that's fine. So why don't we begin then. What I think you should plan on something like 15 minutes total. I don't think this is going to require much more than that. May I please depart? Again, my name is Ronald Fishman. I represent the plaintiff, Basheer Abu-Har. The facts of this case are somewhat simple. My client was... I think we all know the facts of the case and we've all read the briefs. Alright. Well, basically speaking, when the lawsuit was filed, we filed a motion for summary judgment, which we contended we were entitled to summary judgment as a matter of law because ASI took an illegal position when they sent the letter out that they were voiding the policy ab initio from its first instance. That was an illegal position. They had no right to do so under Corrigus and all the cases that follow that, and the statute under 154 of the Act. And that is in order to void the policy, rescission is necessary. That's a contract, an insurance contract. And it's controlled by the legislature because the legislature has made an insurance contract different than a regular contract. And under this case, the insurance company was under an obligation to follow the law. And that was if they decided that this was a voidable policy, they had the right and duty and obligation to file a rescission action in court in an equity situation. Alright. So they didn't do that. You filed your action and they counterclaimed the claimed material misrepresentation. And if you want to address the issue of whether that's forfeited, you can do that at this point. I'm sorry. In our opinion, they just took an illegal position in the sense that they said the policy's void ab initio. They had no right to do so. Alright. Okay. Eventually, you have two matters before the court. You have your claim for that the contract was, in their opinion, void ab initio. But do they forfeit the right to claim that it is voidable? Well, under the statute, they did. Because under the statute, they have to use the act of rescission promptly. They didn't do it. Under 155 of the insurance code or 156 of the insurance code, that's an obligation of rescission. They can't throw the burden on the insured, which they did over here. You know, the case law is fairly clear that when there's a duty to defend, the insurance company has specific obligations, such as filing a complaint or defending under a reservation of rights. And if they don't do so. But the case law isn't as clear as we would like as far as when they want to rescind, do they have to file a complaint immediately? I don't think the case law is as clear, but I certainly understand your position. So on this waiver question, when they filed a counterclaim, what time frame was that filed? First of all, number one is counterclaim was filed after the six-month statute of limitations. The statute requires the act of rescission to void the policy, has to be done within the policy term, if it's a year, or if it's six months, it has to be done within the six months. They didn't do that. So isn't the question really at this point whether sending the letter, which clearly was done within that time frame, is significant enough of an assertion that they're able to at least make the argument? Or in the case law, I agree with Justice McBride, it's not clear whether that act is required or whether the act of actually filing a lawsuit within that period of time is required. And that appears to be a question of first impression in the State of Illinois. Could be. However, the statute clearly requires rescission. So rescission is an equitable remedy. Two parties to a contract. One party cannot rescind the contract by itself. So that's why they filed their counterclaim. But what about Justice Epstein's question here? Was that letter sufficient to trigger their obligation or suggestion that they were rescinded? No, first of all, they took an illegal position. They didn't say that the contract is voidable. They said the contract is void ab initio. So what if they used the wrong language? I don't think it's really critical here. In either event, what they're doing, Mr. Fishman, is they're saying that there is material misrepresentation which negates the contract. And whether they are correct that there was such a misrepresentation, push that issue to the side, and push the other issue to the side about whether the contract would then be voidable on one hand, or on the other hand, void ab initio, which they claimed. The question that I consider to be a threshold question is can they, by sending this letter, fulfill the obligation of taking some prompt action? And on the other hand, were they required by law to take the formal step of filing a lawsuit or a counterclaim, either of the two, within that period of time? Well, in our opinion, they were obligated to do so. First of all, under 155 of the code, it's a bad faith act for them to require the insured to file the lawsuit. This was an issue of coverage. And if you take a look at the act, if there is an issue of coverage under 155, the insurance company has to do something. If they force the insured to file the lawsuit, that's a bad faith act. But isn't that a different question than the one I've asked? Well... I mean, you agree with me, don't you, that there is no case on point in Illinois that says which of those acts is the required act? When you read Corrigus, in my opinion, and you go through it word by word, you find out that they talk about rescission, they say it's an equitable remedy, and an equitable remedy is something that you have to go to court and do it. You cannot just rescind the policy just by saying, we don't like it. In this case, what they do is they throw the entire burden on the insured. And under the statute, they shouldn't be able to do that. If they had a legitimate situation, and they were really questioning whether or not my fellow, my client was living in Phoenix permanently, or was he there to take out a policy, and he was dealing with a POS agent, that's another issue. But the fact of the matter over here was they should have gone to court, and the act requires rescission. The act doesn't say a unilateral rescission. Rescission is an equitable remedy. Generally speaking, and I think we understand your position, that they were supposed to file a complaint within the six-month period, which is the shorter of the provisions under the act. But in terms of misrepresentations, would you agree that generally those are questions of fact? There's no question it's a question of fact. But ordinarily in the usual scenario, third-party actions, the insurance company, under the law clear, they either have to defend under a reservation of rights or file a declaratory. Well, you're talking about a duty to defend. We don't have any case law that's very clear on this that says that once the insurance company wants to rescind because of a material misrepresentation, that they have to file a complaint for declaratory judgment or defend under a reservation. I mean, we just don't have that. In third-party actions, the law is clear on that. If the third-party action is if they're defending under a reservation, they don't have to go to court right away because. But you keep talking about those types of declaratory judgments when the issue is duty to defend and duty to indemnify. We don't have that here. This is a different – it arises under a different fact pattern. And what we all agree, I think everyone does, the law is very clear what has to happen in the instance of a duty to defend and duty to indemnify case. This is different. This is a claim under the contract. It's even a greater duty, in my opinion. And that is because it's a first-party action, they have a duty that's the same kind of duty they would have in a third-party action except for one thing. They're only dealing with their insured at this point. They're not dealing with a third party. And if you're dealing with your insured, you have to give the insured the duty of good faith, which would mean that if the law requires and the act says rescission, it doesn't say unilateral rescission. It says rescission. And if you take a look at the meaning of rescission in all of the cases, it's an equitable remedy. Well, an equitable remedy means going to court. Yeah, but in most of the cases we have a letter, an initial letter by an insurance company, saying we're voiding this policy due to misrepresentation. That's all. Moreover, one of the other distinctions between the third-party action and this, or the duty to defend cases and this, is in a duty to defend case, there is a lawsuit. And in the lawsuit, the insured is sued and therefore must defend. And the question that arises immediately is, who is going to defend me and at whose cost? This is a situation where, at least arguably, when that letter saying, you've misrepresented something to us, is sent, there are two possible responses. Now, in the vast majority of cases, as in this, I expect that the response would be, I didn't misrepresent anything. You still owe me on this policy. But there is at least the possibility of somebody saying, you know, you're right. I didn't make the right representation and conceivably I don't have coverage. And in those circumstances, because there's no lawsuit to defend, it's conceivable, although not likely, that the insured would say, there's no reason for a lawsuit because I don't dispute that. And that's at least one of the factual distinctions about how this case arises and how it arises in a duty to defend case. Wouldn't you agree? Well, the duty to defend is similar in the sense that the insurance company has to do something to protect its insured. Where there's no third party, it's only between the insurance company and the insured. And to throw the burden on the insured, making the insured go to court and file a declaratory, when it's the insurance company that should conduct an investigation, it's the insurance company that should have done the preliminary work. And if they had done the preliminary work, they never would have filed this lawsuit. Now, was there a letter back from, I don't see anything in the record, but was there a letter back to the insurance company at the time they sent the letter saying, no, we disagree with you when you claim that there's been a material misrepresentation and we contest that? There was better than that. The insured called them up, and there's it right in their claims file, and said, I'm not living in Phoenix. My automobile is in Illinois. My light driver's license is in Illinois. And they refused to change their position. That's how we got the case. We got the case after they refused to pay for the automobile. The automobile is a brand-new car. And they wanted to walk away from a $26,000 risk by just sending a letter out. And it's unfair for the insured to be dragged into this. And let me just say one thing. If the insurance company can do something like that, they can get away with it 90% of the times. Because in 90% of the times, the people who have a claim won't go to a lawyer. They'll just take it, and they have to then file a lawsuit, hire a lawyer, file a lawsuit, and go to court on a situation like this. We have spent hour after hour after hour on this case going through all the facts of the case, including the motion for summary judgment. And in our opinion, let's assume the court says, well, they could just send a letter out, and that's the end of it. Then it's up to the insured to act. And I don't see where the statute says that. The statute says there has to be rescission within six months or within a year, depending upon the term of the policy. So the question really is whether that letter was enough within the six months. Well, I think we understand what you're saying. You're saying a complaint should be filed by the insurer instead of the insured. Absolutely. So let's assume now that the insurance company gets by that burden, and they file their counterclaim as they did to your lawsuit. Do you want to briefly address the issue of whose burden it is? Well, that's the next question. That's why I asked. In that order. The James River case and the Hildenburg case, I think it's Hildenbrand, both say that the burden should always be on the insurance company. And that's a good question because by throwing the burden on the plaintiff, you now make the insured, instead of being a defendant in the lawsuit and having to defend the situation, he has to prove a negative. And that's a very hard burden for him to prove and an expensive burden. And if the insurance company should have done an adequate investigation, in this case particularly, let me just go back to the facts. The policy was not issued by ASI. The policy was issued by Universal. It's a POS agent, a point of service agent. And even Judge Gillespie said, well, by law, they're the agent of the insurance company. In addition to that, the POS agent can write the policy online without even contacting the insured. It's the POS agent that wrote this policy. It was the POS agent who talked to my client while my client was in Phoenix. And they had a discussion. And during the trial, the POS agent testified, his name is Khalil, stated that he knew that my client was there temporarily because my client told him. And all the evidence was that my client was working for Five Star Laundry. He lived in Illinois. He resided in Illinois. His wife was in Illinois. He had a lease in Illinois. But his business sent him to Phoenix. And the POS agent said, well, we couldn't write a policy in Phoenix if he was living there. So we wrote the policy based upon the fact that he was living in Illinois. Had the insurance company done its work before this lawsuit was filed? Had gone out and found out? They didn't take an oral statement from him. Nothing. They didn't do any investigation. They did nothing. They just saw the police report. And on the police report, it had an address where he called in that the car was stolen, keeping in mind he was living in Phoenix in the home as the guest house of Five Star Laundry. So on that issue, and then we had the burden. Judge Gillespie threw the burden on us to prove it. And in our opinion, we proved a complete prima facie case. And out of the blue came, well, you didn't prove damages. And there was a directed verdict. The directed verdict, we had a right under the statute for a replacement vehicle. We proved that the car cost them about $26,000. Don't the statutes say you don't have a private right of action under that provision? I'm sorry, what? Don't the cases say that under the provision that allows for the replacement of the vehicle, you don't have a private right of action against the insurance company for not providing you with a light vehicle? Oh, I don't think so. The regulations require, there's a specific regulation on point. The regulation allows the insurance company to give full value to the car or the insurer has the right to ask for a replacement vehicle. I understand that. Okay. I just don't think there's a private right of action under the statute for you to say that they have to provide you with this car. Well, we're talking about damages now. Yeah. We never even got to that. No, I know. Okay. We never even reached that point. There was a directed verdict. And maybe, again, on this issue, there could be some more clarity that when the issue comes up about insurability based on a misrepresentation, that the burden of proof is on the insurance company to show that the insured misrepresented. Absolutely. I mean, the cases certainly suggest that. Hildebrand and then there's an earlier case from 1974, Crest v. State Farm. We'll talk to Ms. Connell about that to see what her response is. But that's our position. Yes, I know. And you cited these cases, so you're certainly familiar. Anything further? Any further questions? No. Thank you, Ms. Connell. Thank you very much, Your Honor. Ms. Connell. Good morning again. I first wanted to point out that we're here appealing a directed verdict. We have other issues. Okay. Well, my concern is that this issue of damages, the only thing offered at trial was a bill of sale, which is a current record. Ms. Connell. Yes. Unless you had not forfeited your position by sending the letter, and unless the judge was absolutely correct to place the burden on the insured, we never get to the issue of whether damages were proved. And I recognize in your brief you jumped right to that issue. Right. But I think you'd be better spending your time to address those first two issues. Which is whether or not the burden is. Crest v. State Farm says that when you're trying to avoid a policy because you say that there was a misrepresentation, the burden of proof is on the insurance company. So did Judge Gillespie care when he made the insured go first? These cases say that the burden is on the insurance company. Well, Judge Gillespie was concerned with plaintiff proving his breach of contract action, and then if he proved the breach of contract action, then pursuing to the. Let's assume this. The breach of contract is I have the contract of insurance. I didn't get paid when my car was totally destroyed after it was stolen and burned. I paid the premiums. I didn't accept this premium back. I've been damaged substantially because I didn't get the car back. I had to keep paying those loan payments for something I didn't even have anymore. I couldn't get a new car for months. The car was purchased for $25,000, and there's 13,000 miles on it when it was stolen. So let's assume that Judge Gillespie was wrong. There were damages established as a matter of law. Okay. So now what? Well, are you asking whether or not we would be required to file a DJ action in such an instance? I'm asking, let's assume that the damages were established, and Judge Gillespie, what do you think should happen then? We would then have the burden of proving our counterclaim, that the material misrepresentation was material and it was a misrepresentation, and then we would have had to prove that he was residing in Phoenix. How does one ever rescind an insurance policy in Illinois? If you want to rescind a policy because you say there's something wrong with it, how do you normally go about doing that? Well, typically this case is, as you noted, is a little bit different. But typically the insurance company has a right to, it's usually a third-party claim, in which case the duty to defend is broader than the duty to indemnify, and they assign counsel in the very least under reservation of rights. What do you do in a case like this? This isn't a third-party action. Sure. The insurance company sends the client a letter of the insurance and says, we're going to void the policy, we're going to rescind it. What do you do? Is there something you have to do? Yes. It's a voidable policy, and it can be, that voidable policy can be waived and reaffirmed by the insurer, not the insured, or the insurer has to commit some kind of proactive something in order to effectuate a rescission, to put those parties back where they originally were. And what the insurer has done is they wrote a letter rescinding the policy and returned the premium in full. A rescission is an equitable concept. It was created in the courts of equity. It's not something that the insurance policy has the right of. It has to proceed by way of a court proceeding. You can't rescind a policy, as counsel said, unilaterally. You have to actually go into court and ask to rescind the policy. There's no right under any cases or statute for an insurance company, or anyone for that matter, to rescind a contract. Once a contract has been entered into and one side says that this contract is void or voidable, they have to do something. They have to go into court. You don't get it. I'm saying you don't get rescission just by fiat, by saying it. My understanding is that there's no requirement in the insurance code for them to do that, Your Honors. Take the insurance code out of it. Sure. You're asserting, as Justice McBride said, you're asserting the right to unilaterally do something which can only be done in the court of equity. Well, we also filed our counterclaim. Right, but here's the point. If you take the position that your letter does not rescind, then why isn't it your obligation to file the declaratory judgment? If you take the position that your letter is effective rescission, then where do you have the power to do that? Where do you have the power to give an equitable relief unilaterally to yourself? The case law, as I read it, requires us to do some proactive duty. What case law says that? What case are you citing that says that the insurance company has to take some proactive duty? Sure. Go ahead. Well, in Mullihan, they went ahead and rescinded the policy. That's where they waited 12 days to notify the insured. But we basically talked about courageous. In courageous, they talked about versus Stephanie. What page can you read? 20, I believe. It uses this language that you've said, proactive. No, no, that I'm getting from courageous as well. It's saying that one seeking to rescind on the grounds of misrepresentation must elect to do so promptly after learning of the fraud or misrepresentation, must announce his purpose, and must adhere to it. And I would submit that ASI has done that. They announced their purpose, and they've adhered to it. I mean, plaintiff's own counsel said that we've refused to budge our position since we initially rescinded the policy in February of 2004. You've just used that term again. How can you unilaterally grant yourself equitable relief? How can you rescind something unilaterally without court approval when rescission is an equitable remedy only granted in a court of equity? Which is what I would say is the reason for filing a counterclaim and seeking a declaration of understanding. But why don't you have the burden that you would in any other circumstance of saying if you're taking the position that there's a rescission, assume the burden. File the suit. Because, just as Your Honor noted, that there are instances, at least hypothetically, where we could rescind the policy, send a letter out to the insured, and the insured would say, oh, yeah, I had a duty to let them know. They didn't do that in this case, did they? And so where you know that the insured is contesting your position, why isn't it your obligation to go in, file the complaint for rescission, pay the fees, and bring the matter to a court of law where you are actually seeking the remedy that you're asserting in this letter? But that assumes that we would not have filed a complaint had the plaintiff not filed a complaint. Well, you would have been beyond the period of time to assert that. Which would be another issue, sure. And here's the other problem, and Mr. Fishman alluded to it. You are basically concocting by this theory yet another obligation for the insured in that if you take a position which may ultimately be an incorrect position, you are taking the position that your insured has to go to court, pay the filing fees, hire a lawyer, and bring this matter to closure because it's no longer your obligation to do it once you send a simple form letter. Aren't you? I guess I'm missing the question. Well, I'm sure that, well, let me just state it again. Sure. You're creating an obligation that doesn't appear anywhere in the contract where you're basically saying to your customers, the other part of the contract, if we claim that you've made a material misrepresentation and that therefore we would be entitled to an equitable remedy of rescission, then it is your obligation, insured, to pay the filing fees, hire a lawyer, go to court, and contest our conclusion that we're entitled to an equitable remedy. Isn't that what you're arguing for? Well, yes. They would be required to file a breach of contract claim just as plaintiff said. No, you'd be required to file a rescission action because this is what you're seeking to do is rescind. It's not a breach of contract. They would file either a bad faith claim or they would file a declaratory judgment saying that you have an obligation. You're putting on them the affirmative obligation to file the declaratory judgment claim on their own to contest your conclusion that you're entitled to an equitable remedy which you've never sought in the court. Going back to that case you cited, Mollahan, that's a waiver case. That question there really was did the insurance company waive its right to claim rescission. The policy was void. It really doesn't say that an insurance company has to just take some steps. The real issue here is whether in this case, if this is the case where we should say that if there's a misrepresentation that the insurance company has an obligation to file a complaint for rescission as opposed to waiting for the insured to do it as what was done here. And then when it got to court the cases clearly say the burden is on the insurance company in a misrepresentation to show that that misrepresentation was false and that it was done with an intent to deceive. The cases say that. They've been saying it forever, that the burden on this issue is with the insurance company, not the insured. As I noted in my brief, a couple of things. First, the case law. Courageous is what I'm relying on saying. There has to be some step, some affirmative action on the part of the insurer to rescind. And that also cites Golden Rule, which has... Okay, so if you consider your letter the step, then you file the complaint. Whose burden is it? Whose burden is it to show a misrepresentation? It would have been our burden to show the misrepresentation, certainly. But, again, we never got to that point because the plaintiff's prima facie case wasn't established. But if you take this from the beginning, it was really the insurance company that was claiming a misrepresentation. So the action in the first instance probably should have been filed like that. They're the ones claiming, you misrepresented, we're not going to pay you, so we want to rescind the policy. I don't know that the law is clear that we have that, as you've noted. Doesn't the statute sort of suggest that the burden is with the insurance company? Which statute is that? 154. It says, No misrepresentation made by an insured shall defeat or avoid the policy unless such misrepresentation was in writing. And then it says, No misrepresentation shall defeat or avoid a policy unless it shall have been made with actual intent. So the statute itself envisions the burden rests clearly on the insurance company. When they want to avoid a policy, they have to show. The misrepresentation would be within the insurance company's knowledge. They're the ones that are claiming that somehow there was a misrepresentation made. So doesn't the statute really envision that it's the insurance company that bears the burden? Well, the statute goes on to say that it can be false and made with an intent to deceive or it can be material to the risk assumed. And I think that that's the position that ASI took, is that had he lived in Phoenix, ASI is not licensed to write in Arizona, and they never would have issued the policy. And that was established at trial through the testimony of Mr. Havis. But you're addressing the facts rather than the burden. The burden is, is it really the obligation of the policyholder to say, I'm going to prove to you in the first instance court that I didn't make a material misrepresentation? Is that what you're advocating? No, he would have to prove his breach of contract claim, which includes an element of damages. It has nothing to do with proving a negative. But if your only defense to the breach of contract claim is that he has made a material misrepresentation, why does that procedural decision relieve you of your burden of, in the first instance, proving that you're entitled to rescind under 154? If I'm understanding your question, the burden is on them to prove a breach of contract. The burden is on us to prove a material misrepresentation. All right. Anything further? No. Any final words, Mr. Fishman? Your Honor, just one comment. The six-month situation is right in our policy. It says on page 10 of the policy, Further, this policy or policy renewal shall not be rescinded after the policy has been in effect for one year or one policy term, whichever is less. That's right in the contract. Thank you both. We'll take the case under advisement and issue an order in due course.